IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SHORTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO. 3:14cv612-MHT |
| | ) | |
| CITY OF PHENIX CITY, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Now pending before the court is the defendants' motion to dismiss (doc. # 10). This recommendation concerns the *pro se* plaintiff's James H. Shortz ("Shortz") allegations that Judge F. Patrick Loftin, a state court judge, violated his constitutional rights during a criminal case in the district court of Phenix City, Alabama.[1] The court heard oral argument on the motion to dismiss on August 12, 2014. After careful consideration of the motion, as stated in open court, and for good cause, the court concludes that the motion to dismiss should be granted as it relates to Judge Loftin, and he should be dismissed as a defendant in this action. The court further concludes that the motion to dismiss the remaining defendants should be denied without prejudice and with leave to refile after the plaintiff files an amended complaint.

**STANDARD OF REVIEW**

Because federal courts are courts of limited jurisdiction, it is a basic premise of federal

[1] The plaintiff makes other claims in this case, however, the court has directed the plaintiff to file an amended complaint more fully setting forth those claims.

court practice that the court must have jurisdiction over the subject matter of the action before it can act. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994). Thus, federal courts only have the power to hear cases as authorized by the Constitution or the laws of the United States. *Kokkonen*, 511 U.S. at 377.

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*. *See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true"). A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).

At oral argument on the defendants' motion to dismiss, Shortz explained his claim

against Judge Loftin. According to Shortz, in a criminal case before him, Judge Loftin, denied Shortz his constitutional rights, shielded the police officers from being questioned, and did not know the correct law. Judge Loftin found Shortz guilty of the criminal charges. No appeal was taken. Shortz informed the court that "this case is his appeal" of the state criminal case.[2]

**DISCUSSION**

All litigants, including those proceeding *pro se*, must comply with the Federal Rules of Civil Procedure. Although the court is required to liberally construe Shortz's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted) *overruled on other grounds* by *Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010). While leave to amend should be "freely given when justice so requires," the court can deny amendments when (1) the amendment would be prejudicial to the opposing party; (2) there has been undue delay or bad faith on the part of the moving party; or (3) the amendment would be futile. *See* FED. R. CIV. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962); *See also Jameson v. Arrow Co.,* 75 F.3d 1528, 1534 (11th Cir. 1996). In this case, the court concludes that any amendment to the complaint regarding Judge Loftin would be futile.

Shortz sues state court judge Patrick Loftin. The law is well established that a state

[2] Shortz filed this action, *pro se*, on June 19, 2014.

judge is absolutely immune from civil liability for acts taken pursuant to his judicial authority. *Forrester v. White*, 484 U. S. 219, 227-229 (1988); *Stump v. Sparkman*, 435 U.S. 349 (1978). Accordingly, the plaintiff's claims against Judge Loftin are "based on an indisputably meritless legal theory" and he is therefore due to be dismissed as a defendant under the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).[3] *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To the extent that Shortz's claims against Judge Loftin are an attempt to "appeal" his state criminal case, the claims are due to be dismissed for lack of subject matter jurisdiction. In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983) ("*Rooker-Feldman*"), the Supreme Court held that it alone sits as the only federal court with jurisdiction to review a state court's judgment. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Thus, after state court proceedings have ended, a federal district court has no jurisdiction over a federal case brought by the loser of the state court action who complains of an injury caused by the state-court judgment and seeks review and rejection of that judgment. *Id*. *See also Casale v. Tillman*, 558 F.3d 1258, 1260 (11th Cir. 2009) ("The *Rooker-Feldman* doctrine makes

---

[3] A district court may conclude a case has little or no chance of success and dismiss the complaint when it determines that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). A lawsuit is frivolous if the "plaintiff's realistic chances of ultimate success are slight." *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990). As part of the process of making the determination called for by § 1915(e)(2), the trial court determines "whether there is a factual and legal basis, of constitutional dimension, for the asserted wrong." *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987). Section 1915(e)(2)(B)(i) and (iii) permits the court to dismiss the case when the court determines that the action is "frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

clear that federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court."). Although "*Rooker-Feldman* is a narrow doctrine," it bars Shortz from proceeding before this court with respect to his challenge to the state court decision because this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Lance v. Dennis*, 546 U.S. 459, 464 (2006) *quoting Exxon*, 544 U.S. at 284. *See also Feldman*, 460 U.S. at 486 (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (section 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment). *See also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988) ("A section 1983 action is neither an alternative nor a complement to the appeal of a state trial court decision to a higher state court.").

Shortz was the losing party in his state criminal case. It is clear that Shortz's claims against Judge Loftin stem from his desire to challenge Judge Loftin's decision rendered in the state court. Shortz's claims against Judge Loftin fall squarely within the boundaries of the *Rooker-Feldman* doctrine: "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced

and inviting district court review and rejection of those judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) *quoting Exxon*, 544 U.S. at 284. *See also Casale*, 558 F.3d at 1260 (holding that *Rooker-Feldman* precludes lower federal court jurisdiction over claims that were raised in state court and over claims that are so inextricably intertwined with the state court judgment that the claims "would 'effectively nullify' the state court judgment, or [the claims would] "succeed[] only to the extent that the state court wrongly decided the issues.'"). Accordingly, the court does not have jurisdiction over the plaintiff's claims against Judge Loftin.

## CONCLUSION

Accordingly, for the reasons as stated, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion to dismiss (doc. # 10) be GRANTED to the extent that the claims against Judge Loftin be DISMISSED and Judge Loftin be DISMISSED as a defendant in this action. It is further the RECOMMENDATION of the Magistrate Judge that the defendants' motion to dismiss in all other regards be DENIED without prejudice and with leave to refile after the plaintiff has filed an amended complaint. Finally, it is

ORDERED that the parties shall file any objections to the said Recommendation on or before **August 27, 2014.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 13th day of August, 2014.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE