IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SHORTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:14cv612-MHT |
| | ) | (WO) |
| CITY OF PHENIX CITY, *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the pro se plaintiff James H. Shortz ("Shortz") complains that defendants Ray Smith and Michele Kilday violated his First Amendment rights when he was denied a meeting room in the Phenix City-Russell County Publix Library. The plaintiff presents a variety of allegations against various defendants including the City of Phenix City, Prosecutor Joe Edwards, Chief of Police Ray Smith, Officer Jessica Carter, City Engineer John Gwin, Officer S. Frederick, and Library Director Michele Kilday.  He sues them in their official and individual capacities.  The court has jurisdiction of these claims under 28 U.S.C. § 1331 pursuant to its federal question jurisdiction.

On September 2, 2014, the plaintiff filed an amended complaint setting forth his allegations in more detail.  This case is now pending before the court on the defendants' motion to dismiss (doc. # 38) in which they each assert that the plaintiff has failed to state any claim upon which relief can be granted.  They each assert that they are entitled to absolute or qualified immunity based on their particular position.  On October 9, 2014, the

plaintiff filed a response to the defendants' motion to dismiss.  (Doc. # 42).  After carefully reviewing the defendants' motion to dismiss and the plaintiff's response to the motion, the court concludes that the motion to dismiss is due to be granted in part and denied in part.

## II.  THE STANDARD OF REVIEW

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  In evaluating the sufficiency of a plaintiff's pleadings, the court must indulge reasonable inferences in plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005).  Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.. See also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

A complaint may be dismissed if the facts as pled do not state a claim for relief that is plausible on its face. *See Iqbal*, 556 U.S. at 679 (explaining "only a complaint that states a plausible claim for relief survives a motion to dismiss"); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-62, 570 (2007) (retiring the prior "unless it appears beyond doubt that the plaintiff can prove no set of facts" standard).  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do."  550 U.S. at 555.  Factual allegations in a complaint need not be detailed but "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* (internal citations and emphasis omitted).

More recently, in *Iqbal*, the Supreme Court reiterated that although FED.R.CIV.P. 8 does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  556 U.S. at 678.  A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss.  *Id*. at 679.  The well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

Further, "[c]ourts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education."  *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal*, 550 U.S. 662.  A plaintiff's *pro se* status must be considered alongside the pleading requirements of *Twombly* and *Iqbal*.  *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007).  "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

3

## III.  DISCUSSION

### A.  Introduction

Although the court is required to liberally construe Shortz's pleadings, *see Hughes v. Rowe*, 449 U.S. 5 (1980), the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Inv.*, 132 F.3d at 1369 (citations omitted).  The plaintiff's pleadings are not a model of clarity, and thus, it is difficult to describe his claims in any coherent fashion.  Nonetheless, the court addresses each named defendant and the merits of any claims against that particular defendant.

### B.  Official Capacity Claims against Individual Defendants

Shortz sues the individual defendants in their official as well as their individual capacities.   A plaintiff seeking to recover money damages against persons in their official capacities "must look to the government entity itself."  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *see also, Brown v. Neumann*, 188 F.3d 1289, 1290 (11th Cir. 1999); *Vineyard v. County of Murray, Ga.*, 990 F.2d 1207, 1210 n.3 (11th Cir. 1993); *Owens v. Fulton County*, 877 F.2d 947, 951 n.5 (11th Cir. 1989) ("For liability purposes, a suit against a public official in his official capacity is considered a suit against the local government entity he represents.")  Thus, because the proper defendant in official action case is the local government entity, the claims against the individual defendants in their official capacities are due to be dismissed.

4

## C.  Claims against Prosecutor Joe Edwards

Shortz sues prosecuting attorney Joe Edwards.  As city prosecutor, Edwards is immune from suit for actions taken in his prosecutorial capacity.  *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).

> A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government.  *Buckley v. Fitzsimmons*, 509 U.S. 259, 273, 113 S.Ct. 2606, 2615-16, 125 L.Ed.2d 209 (1993).  The prosecutorial function includes the initiation and pursuit of criminal prosecution, *Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S.Ct. 984, 992, 47 L.Ed.2d 128 (1976), and all appearances before the court, including examining witnesses and presenting evidence.  *See Burns v. Reed*, 500 U.S. 478, 492, 111 S.Ct. 1934, 1942 (1991).

*Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002).  Thus, the law of this circuit is clear that state prosecutors are entitled to absolute immunity for actions taken during the development, initiation, prosecution, and presentation of a case.  The actions of defendant Edwards about which the plaintiff complains relate to his role "as an 'advocate' for the state" and his actions were taken in preparing for or participating in judicial proceedings.  *Mastroianni v. Bowers*, 173 F.3d 1363, 1366 (11th Cir. 1999).  Defendant Edwards is therefore "entitled to absolute immunity for that conduct," and he is due to be dismissed as a defendant in this action.

## D.  Claims against Defendants Jessica Carter and S. Frederick[1]

Although Shortz names Jessica Carter and S. Frederick as defendants in this action,

---

[1]  Because the court grants these defendants' motion to dismiss on this basis, the court pretermits discussion of their argument that they are entitled to qualified immunity.

5

his complaint fails to adequately establish a legal basis to support any claim against either Carter or Frederick.  Shortz identifies no statutory grounds or other legal theory upon which a claim is based, and his complaint contains no allegations from which it could be inferred that Carter or Frederick took any action to deprive Shortz of his constitutional rights.

Liberally construing his complaint, Shortz alleges that Carter arrested him on a "warrant issued and executed having no probable cause,[2] which was NEVER examined that nor held by the arresting officers prior to arresting Plaintiff." (Doc. # 31 at 3-4) (footnote in original).  The Fourth Amendment guarantees that persons will be secure in their persons against unreasonable searches and seizures.  "The Fourth Amendment is implicated when a police officer either briefly detains a citizen for investigatory purposes or holds a citizen pursuant to an arrest. *United States v. Hastamorir,* 881 F.2d 1551, 1556 (11th Cir.1989)." *Bryan v. Spillman,* 217 Fed. Appx. 882, 884, (11th Cir. 2007) (No. 06-13970).  "Personal encounters between law enforcement officers and citizens are 'seizures' on occasions "when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen."" *Courson v. McMillian*, 939 F.2d 1479, 1488 (11th Cir. 1991) *quoting Terry v. Ohio*, 392 U.S. 1, 19 n.16 (1968).  Individuals have a constitutional right not to be arrested without probable cause, and a violation of this right may give rise to a claim for damages under 42 U.S.C. § 1983.  *Von Stein v. Brescher,* 904 F.2d 572 (11th Cir. 1990).  However, "[a]n arrest does not violate the Fourth Amendment if a police officer has probable

_____

[2] Warrant number:  WR 2012 001510.00, upon which Plaintiff was arrested was *nolle prosequi* on March 24, 2014.

cause for the arrest." *Wood v. Kesler*, 323 F.3d 872, 878 (11th Cir. 2003).

Shortz concedes that there was a warrant issued for him. He admits that Carter arrested him pursuant to that warrant. Thus, the question is whether Carter's arrest of Shortz was reasonable. "[T]he fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner or, as we have sometimes put it, in "objective good faith."" *United States v. Leon*, 468 U.S. 897, 922-923 (1984). *Messerschmidt v. Millender*, __ U.S. __, __, 132 S. Ct. 1235, 1245 (2012) (citation omitted). One exception to this rule exists when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." *Id*., *quoting Malley v. Briggs*, 475 U.S. 335, 341 (1986). But,

> "[i]n the ordinary case, an officer cannot be expected to question the magistrate's probable-cause determination" because "[i]t is the magistrate's responsibility to determine whether the officer's allegations establish probable cause and, if so, to issue a warrant comporting in form with the requirements of the Fourth Amendment."

*Messerschmidt*, 132 S. Ct. at 1245 (citation omitted).

Shortz has not alleged any facts from which the court could conclude that the warrant for his arrest fell within the narrow exception such that Carter or any reasonable officer would have known that it should not have issued. The fact that Carter did not have the warrant in her possession is certainly not violative of the Constitution. *Cf. United States v. Bembry,* 321 F. App'x 892, 894 (11th Cir. 2009) (No. 08-13032) ("Because the arresting officer arrested  . . . [the defendant] pursuant to a valid arrest warrant, he did not violate

federal law when he did not have the warrant in hand or nearby").  Consequently, his arrest pursuant to that warrant was not violative of the Fourth Amendment, and he makes no further claim against defendant Carter.[3]

The sole allegation against Frederick is that he erroneously documented information on a computer generated police report.  Characterizing defendant Frederick's statements as "lies" is simply insufficient to state a federal claim.  Merely stating that conduct was "unlawful" is nothing more than a legal conclusion entitled to no deference by the court. *Iqbal*, 556 U.S. at 680.  In *Twombly*, the Supreme Court emphasized that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. at 555.  Moreover, although FED.R.CIV.P. 8 does not require detailed factual allegations, it does require "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.  Shortz must do more than simply assert that he is entitled to relief from Frederick, and this he fails to do.  His allegations regarding Frederick are wholly insufficient under *Twombly, supra*, and therefore, due to be dismissed.

---

[3] In a footnote, Shortz says "Arresting officer Jessica Carter affixed handcuffs to Plaintiff with such incompetence as to inflict further injury to Plaintiff's military service connected right wrist disability." (Doc. # 31 at 4 n.3).  Even though Shortz is *pro se*, the leniency shown to pro se litigants does not allow the court to ignore the *Federal Rules of Civil Procedure.  See Hopkins v. Saint Lucie County Sch. Bd.*, 399 Fed. App'x. 563, 565 (11th Cir. 2010) (No. 10-11252) (citations omitted) ("While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings."). This statement, presented in a footnote, is simply insufficient to raise a constitutional claim. *See Butler v. Morgan*, 562 F.App'x. 832, 835 (11th Cir. 2014) (No. 13-12978) ("The sole reference to federal law in the amended complaint - a single footnote citation listing, without context or elaboration, various constitutional amendments - is inadequate to demonstrate a federal question under the well-pleaded complaint rule.")

Because Shortz has failed to adequate allege that defendants Carter and Frederick unlawfully deprived him of any rights under federal law, his complaint fails to state a claim against them, and Carter and Frederick are due to be dismissed as defendants in this action.

### E. Claims against City Engineer John Gwin

In his amended complaint, Shortz alleges that "John Gwin, Phenix City engineer, conspired to conceal the fact that Neil Koon forged land deeds, filed the forged deeds in the probate court of Russell County, Alabama and sold part of Plaintiff's one hundred fourteen (114) year old family estate." (Doc. # 31 at 8). It appears that Shortz is attempting to state a claim against Gwin for a conspiracy with Koon to deprive him of his constitutional rights and property under color of state law in violation of 42 U.S.C. § 1983. *See* 42 U.S.C. § 1983 (establishing liability for the deprivation of constitutional rights under the color of state law); *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980) (holding that an otherwise private person acts "under color of" state law, and may be subject to liability under §1983, when engaged in a conspiracy with state officials to deprive another of federal rights).

The timeliness of a § 1983 action is governed by the personal injury statute of limitations of the state in which the action arose, which, in Alabama, is two years from the time the cause of action accrues. ALA. CODE 1975 § 6-2-38(1); *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989). Generally, a cause of action accrues under § 1983 when the plaintiff knows or has reason to know that he has been injured and who inflicted the injury. *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987). This action was

9

originally filed on June 19, 2014.  (Doc. # 1).  Shortz attaches to his amended complaint

exhibits consisting of a 2004 warranty deed (Doc. # 31, Ex. 7) and a 1965 warranty deed

(Doc. # 31, Ex. 8).  Accordingly, Shortz's § 1983 claim against Gwin is clearly barred by the

two-year statute of limitations applicable to § 1983 actions in Alabama.  *See Powell v.*

*Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (holding that all constitutional claims brought

under § 1983 are tort actions subject to the statute of limitations governing personal injury

actions of the state in which the action has been brought, which, in Alabama, is two years).

The motion to dismiss as it relates to Gwin is due to be granted, and Gwin is due to be

dismissed as a defendant in this action.

### F.  Claims against the City of Phenix City, Alabama

The plaintiff sues the City of Phenix City, presumably for actions taken by city

employees.

> Local governing bodies . . . can be sued directly under § 1983 for monetary,
> declaratory, or injunctive relief where, as here, the action that is alleged to be
> unconstitutional implements or executes a policy statement, ordinance,
> regulation, or decision officially adopted and promulgated by that body's
> officers. Moreover, although the touchstone of the § 1983 action against a
> government body is an allegation that official policy is responsible for a
> deprivation of rights protected by the Constitution, local governments, like
> every other § 1983 "person," by the very terms of the statute, may be sued for
> constitutional deprivations visited pursuant to governmental "custom" even
> though such a custom has not received formal approval through the body's
> official decisionmaking channels.

*Monell v. Dept. of Soc. Servs. of City of New York,* 436 U.S. 658, 690-691 (1978).  In

addition, however, "in an official-capacity suit the entity's "policy or custom" must have

played a part in the violation of federal law." *Kentucky,* 473 U.S. at 166.  "These policies may be set by the government's lawmakers, "or by those whose edicts or acts may fairly be said to represent official policy." *McMillian v. Monroe County, Ala.*, 520 U.S. 781, 784-785 (1997). The plaintiff makes no allegations and presents no facts that the City had a policy, custom or practice that condoned any allegedly unlawful actions of its employees.  Moreover, the plaintiff makes no allegation of improper training or supervision by the City. Accordingly, the City may be held liable only if its employees acted with final policymaking authority.

> A governmental entity is not liable under § 1983, merely as a matter of respondeat superior, for constitutional injuries inflicted by its employees. *Monell*, 436 U.S. at 694, 98 S.Ct. at 2037-38.  Rather, as we have held, "only those officials who have final policymaking authority may render the municipality liable under Section 1983." *Hill v. Clifton*, 74 F.3d 1150, 1152 (11th Cir. 1996) (emphasis added).  "[T]he mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority. Rather, the delegation must be such that the subordinate's discretionary decisions are not constrained by official policies and are not subject to review."  *Mandel v. Doe*, 888 F.2d 783, 792 (11th Cir. 1989) (*citing Praprotnik*, 485 U.S. at 125-28, 108 S.Ct. at 925-26).

*Brown*, 188 F.3d at 1290.  The plaintiff has stated no facts that would support a claim against the City.

Alternatively,  "[a] city may be held responsible where the authorized policymakers 'approve a subordinate's decision and basis for it.'" *Hill v. Clifton,* 74 F.3d 1150, 1152 (11th Cir. 1996); *see also Ortega v. Christian*, 85 F.3d 1521, 1526 (11th Cir.1996).  The plaintiff's claims stem from acts of police officers and judicial officers.  The plaintiff has presented no

11

facts or raised any allegations that the city endorsed or approved the actions of the named defendants.  Thus, the court concludes that any claims against the City are due to be dismissed.

### G.  First Amendment Claims against Ray Smith and Michele Kilday

In his amended complaint, the plaintiff alleges that defendants Ray Smith[4] and Michele Kilday[5] violated his First Amendment rights when they denied his application to use a room at the Phenix City - Russell County Library.  (Doc. # 31 at 7 and 9).  Shortz alleges that when he requested the use of a room for a meeting to "explain[] the differences between Dr. Martin Luther King, Jr. and Robert E. Lee.," Smith "[s]tat[ed] that the subject was too controversial," and in conjunction with Kilday, denied his request based solely on the content of his proposed speech.  (Doc. # 31 at 7 and 9).  Because Shortz alleges that Smith and Kilday denied his application for use of a meeting room based solely on the perceived content of his remarks regarding Martin Luther King, Jr. and Robert E. Lee, his First Amendment claims against Smith and Kilday are cognizable in this § 1983 action, and should not be dismissed.

In support of their motion to dismiss, Smith and Kilday asserts that they are entitled to qualified immunity for their actions because they was acting within the discretion of their authority.  The doctrine of qualified immunity protects government officials sued in their

---

[4]  Defendant Ray Smith is the Chief of Police and according to Shortz, was acting as the Assistant City Manager when he denied Shortz's application to use a library room.

[5]  Michele Kilday is the director of the Phenix City - Russell County Public Library.

individual capacities as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "Qualified immunity balances two important interests – the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). "[Q]ualified immunity is a privilege that provides 'an immunity from suit rather than a mere defense to liability.'" *Bates v. Harvey*, 518 F.3d 1233, 1242 (11th Cir. 2008) (quoting *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001).  For this reason, the Supreme Court instructs courts to resolve "immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991); *GJR Invs.*, 132 F.3d at 1370 (Noting it is "important for a court to ascertain the validity of a qualified immunity defense as early in the lawsuit as possible.").

District courts are no longer bound to follow the "inflexible" two-part inquiry for qualified immunity that had been required by *Saucier, supra.  Pearson*, 555 U.S. 227.  "The judges of the district courts and the courts of appeals should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Id*. at 236.  Under *Saucier*, the court first asked a "threshold question: Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct

violated a constitutional right?" 533 U.S. at 201. If the answer to that question was affirmative, the next question was "whether the right was clearly established . . . in light of the specific context of the case, not as a broad general proposition." *Id*. The court may still apply the two-part inquiry from *Saucier* when that "order of decision making will best facilitate the fair and efficient disposition of [the] case." *Pearson*, 555 U.S. at 242. However, lower courts have the discretion to decide in which order to ask those questions.

Any reasonable public official should know that denying Shortz permission to use a public library room based solely on the perceived content of his speech would violate his First Amendment rights. Consequently, at this stage, the defendants' motion to dismiss based on qualified immunity is due to be denied.

### G. Motion for Preliminary Injunction and Hearing on Motion to Dismiss

On September 30, 2014, the plaintiff filed a motion seeking a preliminary injunction enjoining the defendants from pursuing criminal charges against him and requesting a hearing on the motion to dismiss. (Doc. # 41). For the reasons which follow, both motions are due to be denied.

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion as to *all* prerequisites. *United States v. Jefferson County*, 720 F.2d 1511 (11th Cir. 1983) (emphasis added).

> A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the

14

opposing party; and (4) if issued, the injunction would not be adverse to the public interest.

*Klay v. United Healthgroup, Inc.,* 376 F.3d 1092, 1097 (11th Cir. 2004) *quoting Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc) (per curiam).

The requesting party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of its ability to establish any of the other elements. *See Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994). Here, the court readily concludes that the plaintiff has failed to demonstrate a "substantial likelihood of success on the merits of his claim." Because Shortz seeks relief from adverse decisions issued by the state court which are not yet final, he is due no relief from this court on such claims as there is an adequate remedy at law.[6] *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) ("In order to receive declaratory or injunctive relief, plaintiff[] must establish that there

---

[6] To the extent Plaintiff seeks injunctive and/or declaratory relief from orders issued by a state court which have become final in accordance with state law, this court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents . . . lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. V. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006). Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Plaintiff from proceeding before this court as this case is "brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments. 544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction . . . over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988). Thus, the court easily concludes that Shortz cannot demonstrates "a substantial likelihood of success on the merits" of this claim, and his motion for a preliminary injunction is due to be denied.

was a [constitutional] violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law."). Specifically, Shortz may request reconsideration by the trial court or seek relief from the state appellate court via direct appeal or other appropriate action. Since state law provides an adequate remedy for Shortz to challenge non-final orders, the plaintiff is "not entitled to declaratory or injunctive relief in this case." *Id*. at 1243. Consequently, the plaintiff has failed to demonstrate that he meets the first prerequisite for the issuance of a preliminary injunction.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge as follows:

(1)     That the defendants' motion to dismiss (doc. # 38) the claims against defendants the City of Phenix City, Joe Edwards, Jessica Carter, S. Frederick and John Gwin be GRANTED and these defendants be DISMISSED as defendants in this action.

(2)     That the defendants' motion to dismiss the claims against defendants Ray Smith and Michele Kilday in their official capacities be GRANTED.

(3)     That, with respect to the plaintiff's First Amendment claim against defendants Smith and Kilday in their individual capacities, the motion to dismiss be DENIED.

(4)     That the plaintiff's motion for a preliminary injunction and motion for a hearing (doc. # 41) be DENIED.

(5)     That the remaining First Amendment claims against defendants Smith and Kilday be REFERRED back to the Magistrate Judge for further proceedings.

16

It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **March 5, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982)*.  See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 19th day of February, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE