IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES H. SHORTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACT. NO.  3:14cv612-MHT |
| | ) | (WO) |
| RAY SMITH and MICHELE KILDAY, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

Now pending before the court is the "Plaintiff's request for Answers: Something seems foreign in equity" (doc. # 58) filed on May 18, 2015, "Plaintiff's request for Answers: Something seems foreign in equity" (doc. # 59) filed on June 22, 2015. The court construes these requests as motions seeking miscellaneous relief.  In his first motion, the plaintiff makes claims against Judge F. Patrick Loftin, a state court judge, who presided over Shortz's criminal case in the district court of Phenix City, Alabama.[1] On August 29, 2014, the court dismissed defendant Loftin as a defendant from this action.

In his second motion, Shortz complains that "Neil Koon forged property deeds in Phenix City," and seeks to have him prosecuted for forgery.  This court is not the proper

---

[1]  To the extent that Shortz seeks to attack his state criminal case, a federal district court has no jurisdiction over a federal case brought by the loser of the state court action who complains of an injury caused by the state-court judgment and seeks review and rejection of that judgment.  *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

forum for Shortz to pursue criminal charges against Koon.

Moreover, Shortz attached to his amended complaint exhibits consisting of a 2004 warranty deed (Doc. # 31, Ex. 7) and a 1965 warranty deed (Doc. # 31, Ex. 8).  It is clear that any § 1983 claim against Koon would be barred by the two-year statute of limitations applicable to § 1983 actions in Alabama.  *See Powell v. Thomas*, 643 F.3d 1300, 1303 (11th Cir. 2011) (holding that all constitutional claims brought under § 1983 are tort actions subject to the statute of limitations governing personal injury actions of the state in which the action has been brought, which, in Alabama, is two years).

Accordingly, upon consideration of the motions, and for good cause, it is

ORDERED that the motions (docs. # 58 & 59) be and are hereby DENIED.

Done this 24th day of June, 2015.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE