IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES H. SHORTZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACT. NO. 3:14cv612-MHT |
| | ) (WO) |
| RAY SMITH, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, the pro se plaintiff James H. Shortz ("Shortz") complains in his amended complaint that defendants Phenix City Police Chief and Assistant City Manager Ray Smith ("Smith") and Phenix City-Russell County Library Director Michele Kilday ("Kilday") violated his First Amendment rights when they denied him the use of a meeting room in the Phenix City-Russell County Public Library. According to Shortz, he wanted to use the meeting room to explain the differences between Dr. Martin Luther King, Jr. and Robert E. Lee, but Smith and Kilday prevented him from using the space based on their perceptions of his proposed speech. Shortz seeks monetary damages, and injunctive and declaratory relief. (Doc. # 31 at 13). The court has jurisdiction of these claims under 28 U.S.C. § 1331 pursuant to its federal question jurisdiction.

Now pending before the court is the defendants' motion for summary judgment (doc. # 62) filed on September 4, 2015. On September 28, 2015, the plaintiff filed a response in opposition to the motion for summary judgment (doc. # 65). After careful review of the motion, the briefs filed in support of and in opposition to the motion, and the supporting and

opposing evidentiary materials, the court concludes that the defendants' motion for summary judgment is due to be GRANTED, and this case is due to be DISMISSED with prejudice.

## II. THE SUMMARY JUDGMENT STANDARD

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute]¹ as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation omitted); FED.R.CIV.P. 56(c) (Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine [dispute] as to any material fact and that the movant is entitled to judgment as a matter of law."). The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine [dispute] of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant may meet this burden by presenting evidence which would be admissible at trial indicating there is no dispute of material fact or by showing that the nonmoving party has failed to present evidence in support of some element of his case on which he bears the ultimate burden of proof. *Id.* at 322-324.

---

¹ Effective December 1, 2010, the language of Rule 56(a) was amended. The word "dispute" replaced the word "issue" to "better reflect[] the focus of a summary-judgment determination." FED.R.CIV.P. 56(a), Advisory Committee Notes, 2010 Amendments.

Once the defendants meet their evidentiary burden and demonstrate the absence of a genuine dispute of material fact, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; FED.R.CIV.P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in his favor. *Greenberg*, 498 F.3d at 1263.

To survive the defendants' properly supported motion for summary judgment, the plaintiff is required to produce "sufficient [favorable] evidence" establishing a violation of his constitutional rights. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). "If the evidence [on which the nonmoving party relies] is merely colorable . . . or is not significantly probative . . . summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990) *quoting Anderson*, *supra*. Hence, when a plaintiff fails to set forth specific facts supported by appropriate evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the

nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (if on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Sec'y of Dep't of Children & Family Servs.*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co, Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates that there is no genuine dispute of material fact and that the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324

(summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show there is no genuine dispute as to a requisite material fact).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, *see Hughes v. Rowe*, 449 U.S. 5 (1980), a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard v. Banks*, 548 U.S. 521, 529 (2006); *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Moreover, the court does not have "license to serve as *de facto* counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain a cause of action." *GJR Inv., Inc. v. County of Escambia, Fl.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case.

### III. FACTS[2]

On January 10, 2014, Kilday posted a sign on the door of the Phenix City-Russell County library notifying patrons that the library would be closed on January 20, 2014, "in

---

[2] At this stage of the proceedings, this court takes the facts alleged by Shortz as the non-movant as true and construes them in the light most favorable to him. *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000) (citations omitted) ("In assessing whether there is any 'genuine issue' for trial, the court 'must view all the evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the nonmoving party" and 'resolve all reasonable doubts about the facts in favor of the nonmovant.'").

However, the court accepts the defendants' factual assertions when they are based on undisputed evidence and have not been contradicted by Plaintiff. *See Singletary v. Vargas*, 804 F.3d 1174, 1176 n. 2 (11th Cir. 2015); *Scott v. Harris*, 550 U.S. 372, 379 (2007) ("[F]acts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." (quoting FED. R. CIV. P. 56(c))).

observance of Martin Luther King, Jr. and Robert E. Lee's birthday." (Doc. # 63, Ex. A). Shortz saw the sign, became agitated and left the library. (*Id*. at ¶ 2). According to Kilday, Shortz returned to the library on January 13, 2014. After a conversation with Kilday about Robert E. Lee in which Shortz became visibly upset, Shortz asked if he could use a meeting room at the library "to tell all the patrons . . . "what the real history was," and "how evil Robert E. Lee was."" (*Id*. at ¶ 3). Kilday informed Shortz that he would have to complete a "meeting room use request form" and she would check with the City. (*Id*.). Shortz completed the form and requested the use of a meeting room on January 19, 2014 at 3:00 p.m. (Doc. # 63, Ex. A-1).

Kilday spoke with city manager Wallace Hunter about her interactions with Shortz and his request to use a meeting room. (Doc. # 63, Ex. A at ¶ 4). Kilday described her concern about an interaction with Shortz on January 10, 2014. "I became concerned about Mr. Shortz because he seemed to lose control and the angry and aggressive way that he approached me and questioned me." (*Id*. at ¶ 2). On January 13, 2014, Shortz again approached Kilday, who described him as loud and aggressive, shouting and screaming at her. (*Id*. at ¶ 3). Because Kilday expressed concern about Shortz's behavior, Hunter referred the matter to Smith as the chief of police and assistant city manager. (*Id*. ¶ 4).

Hunter telephoned Smith and explained Kilday's concerns about Shortz. (Doc. # 63, Ex. B at ¶ 8). Smith then went to the library to discuss with Kilday her concerns and Shortz's request to use the meeting room. (*Id*. at ¶ 5). After Kilday informed Smith that she felt threatened by Shortz and that she considered his behavior to be irrational, Smith made the

6

decision to deny Shortz's request to use the meeting room. (*Id*. at ¶ 9). According to Smith, he "believed . . . as the chief of police and as the assistant city manager, that any meeting, speech, rally, or seminar that was conducted by Mr. Shortz, judging by his recent loud, disruptive, and aggressive outbursts in the library, . . . would be contentious and could possibly pose a threat to public safety."[3] (*Id.* at ¶ 10). Because a meeting room in a library was not an appropriate place for "a potentially raucous debate or loud speech," Smith denied Shortz's request to use a meeting room. (*Id*.) In addition, Smith denied Shortz's request because there was insufficient time to secure sufficient security for the event. (*Id*. at ¶ 10-11).

This lawsuit followed.

## IV. DISCUSSION

Shortz alleges that Smith and Kilday denied his request to use the library meeting room in violation of his First Amendment freedom of speech rights because they deemed the "subject was too controversial." (Amended Compl. at ¶ 16 & ¶ 19). According to Shortz, he requested to use the meeting room "for the purpose of explaining the differences between Dr. Martin Luther King, Jr. and Robert E. Lee." (*Id*.) Shortz contends that the defendants violated his First Amendment rights when, acting under color of state law, they denied his request to use the room solely based on their perception of the content of his proposed speech. (Doc. # 31 at 7 and 9). The defendants assert that they are entitled to summary judgment because the library is a limited public forum and the restrictions on its use were

---

[3] Shortz has a long history with Phenix City. He has repeatedly complained about perceived injustices against him by city officials.

reasonable.  The court pretermits discussion of the defendants' specific arguments because the court concludes that the defendants are entitled to judgment as a matter of law.

>The First Amendment of the United States Constitution provides that
>
>Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

U.S. CONST. amend. I.  The First Amendment is made applicable to state and local government by the Fourteenth Amendment.  *See Wallace v. Jaffree*, 472 U.S. 38, 49 (1985).  While Shortz does not leave his First Amendment rights at the door of the Phenix City-Russell County library, his rights are not limitless.  "[T]he First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 46 (1983).  *See also Bloedorn v. Grube*, 631 F.3d 1218, 1230 (11th Cir. 2011).  "The validity of restrictions on protected First Amendment expression depends upon the type of speech and the type of forum being regulated." *Gold Coast Publications, Inc. v. Corrigan*, 42 F.3d 1336, 1344 (11th Cir. 1994).  "[T]he degree of scrutiny we place on a government's restraint of speech is largely governed by the kind of forum the government is attempting to regulate." *Bloedorn*, 631 F.3d at 1230.  Thus, the first step in the court's analysis is to determine the nature of the Phenix City-Russell County library as the forum at issue.  *See Cornelius v. NAACP Legal Def. & Educ. Fund, Inc.*, 473 U.S. 788, 800 (1985).

The defendants assert that the Phenix City-Russell County library is a limited public

8

forum, and thus, the restrictions placed on Shortz's access to the library were reasonable and not in violation of the First Amendment. Public libraries have been held to be designated or limited public forums for the purpose of the First Amendment. *See Kreimer v. Bureau of Police for the Town of Morristown*, 958 F.2d 1242, 1261 (3rd Cir. 1992); *Doe v. City of Albuquerque*, 667 F.3d 1111 (10th Cir. 2012); *Neinast v. Bd. of Trustees of the Columbus Metropolitan Library*, 346 F.3d 585 (6th Cir. 2003). "A designated public forum is government property that has not traditionally been regarded as a public forum but that has been intentionally opened up for that purpose." *Bloedorn*, 631 F.3d at 1231 *quoting Christian Legal Soc'y Chapter of the Univ. of Cal., Hastings College of Law v. Martinez*, 561 U.S. 661, 679, n.11 (internal quotations omitted). "When the [government] establishes a limited public forum, the [government] is not required to and does not allow persons to engage in every type of speech." *Good News Club v. Milford Central School*, 533 U.S. 98, 106 (2001). And, while a public entity may not restrict speech based on a speaker's point of view, "it has broad discretion to preserve the property under its control for the use to which it is lawfully dedicated." *Id.* at 130-131 (citations and internal quotations omitted) (STEVENS, J., dissenting). However, any "restriction must not discriminate against speech on the basis of viewpoint, . . . and the restriction must be "reasonable in light of the purpose served by the forum," *Id.* at 106-07. *See also Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 829 (1995). The government may restrict access to a limited or designated public forum provided that the restriction is "reasonable and viewpoint neutral." *Bloedorn*, 631 F.3d at 1231.

9

"In addition to time, place, and manner regulations, the [government] may reserve the forum for its intended purposes, communicative or otherwise, as long as the regulation on speech is reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view." *Perry Educ. Ass'n*, 460 U.S. at 46. The government has a legitimate interest in avoiding disruption and protection of that interest does not require proof of actual disruption. *Anderson v. Burke Cnty., Ga.*, 239 F.3d 1216, 1220-21 (11th Cir. 2001). Reasonable possibility of adverse harm is all that is required. *Id.* at 1221.

It is undisputed that Kilday required Shortz to submit a request to use the meeting room.[4] On his application to use of a meeting room, Shortz was not required to state his intended purpose or use of the room. (Doc.# 63, Ex. A-1). Upon receipt of Shortz' request, Kilday discussed his request with city manager Wallace Hunter and defendant Ray Smith. (Doc. # 63, Ex. A at 2-3). Kilday

> . . . told Mr. Hunter that I wasn't comfortable with Mr. Shortz acting the way he was and I thought that he was dangerous. Mr. Hunter told me it seemed to be a question of public safety and that he would leave the final decision to Ray Smith, the chief of police and assistant city manager. . . .[O]n January 13, 2015, Ray Smith [c]ame to the library and I told him about my encounters with Mr. Shortz on Friday, January 10 and earlier that day, January 13 and that I was concerned about my safety, the safety of my staff, and the safety of the library patrons. . . . Mr. Smith then advised me that Mr. Shortz's application would be denied. . .

(*Id.* at ¶ 4-5).

After expressing her concerns about Shortz' aggressive behavior, Smith made to

---

[4] The defendants assert, and Shortz does not dispute, that Kilday did not deny Shortz the use of the library room. She merely required that he complete an application for use of a meeting room.

decision to deny Shortz the use of a meeting room.  Although Kilday told Smith that Shortz wanted to use the room "to tell patrons about the real Robert E. Lee and how evil he was," Smith made the decision to deny Shortz the use of the room due to Shortz' prior irrational behavior in the library.  (Doc. # 63, Ex. B. at 3, ¶ 10).

> I denied Mr. Shortz meeting room application because I believed, in my best judgment as the chief of police and as the assistant city manager, that any meeting, speech, rally, or seminar conducted by Mr. Shortz, judging by his recent loud, disruptive, and aggressive outbursts in the library, and his history of aggressive behavior and written threats, would be contentious and could possibly pose a threat to public safety.

(*Id*.).

It is well established, "that the First Amendment does not guarantee the right to communicate one's views at all times and places and in any manner that may be desired." *Heffron v. Int'l Soc. for Krishna Consciousness, Inc.*, 452 U.S. 640, 647 (1981).  In this case, the defendants had ample reason for concern about Shortz's ability to conduct himself in a way which would not disrupt the orderly operation of the library.  Denying Shortz's use of the library meeting room was fully consistent with the defendants' obligation to preserve the library for its intended purpose.  Thus, and in light of Shortz's failure to adduce any evidence that the denial was based on the content of his proposed speech or his viewpoint, the court concludes that summary judgment in favor of the defendants should be granted.

It is important to note that Shortz is not challenging the library's policies regarding use of the meeting room.  Rather, he is asserting that he was denied the use of the meeting room due solely to the perceived nature of his proposed speech.  Beyond his own conclusory

allegations, the plaintiff points to no facts from which the court could conclude that the denial of his request to use the library meeting room was based on the content of his proposed speech. Shortz does not dispute that he was aggressive, loud, and disruptive in the library. In response to the defendants' motion for summary judgment, the plaintiff engages in *ad hominian* attacks on the defendants and others, but he does not dispute the defendants' facts, nor does he present any competent evidence from which a reasonable jury could conclude that his treatment by the defendants was due to the proposed content of his speech. His unsworn reply is simply insufficient to defeat the defendants' motion for summary judgment.

## V. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendants' motion for summary judgment be GRANTED and this case be DISMISSED with prejudice. It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **December 29, 2015**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 14th day of December, 2015.

                                    /s/Charles S. Coody
                              CHARLES S. COODY
                              UNITED STATES MAGISTRATE JUDGE